IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 19-331 |
| | ) |
| SUE O'NEILL | ) |

## ORDER

Presently before the Court is Defendant Sue O'Neill's Expedited Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 63. The government has filed a Response opposing a reduction. ECF No. 65. This case was originally assigned to Senior District Judge Donetta W. Ambrose, who assumed inactive status on February 1, 2022. On March 16, 2023, this case was reassigned to the undersigned, District Judge Marilyn J. Horan.

Both Ms. O'Neill and the government agree that Ms. O'Neill qualifies for the retroactive reduction, which would amount to a reduction in her guideline sentencing range from 57 to 71 months to 46 to 57 months. The government opposes a reduction in sentence, arguing that a reduction is not warranted in light of the factors set forth in 18 U.S.C. § 3553(a) factors. While the government's argument is accurate, it appears to be the type of argument that would have been asserted at Ms. O'Neill's sentencing when her guideline range was 57 to 71 months. That is, nothing in the government's argument persuades the Court that it should not consider the retroactive reduced guideline range appliable to Ms. O'Neill in determining a sentence. Therefore, the Court intends to grant defendant's motion and resentence her within the reduced sentencing range of 46 to 57 months.

In arriving at an appropriate sentence, the Court has considered the present defense Motion, the government's Response to the Motion, Ms. O'Neill's Presentence Investigation Report, both parties' Sentencing Memorandums filed prior to the initial sentencing, and the

judgment of sentence. As noted, the retroactive reduced guideline range applicable to Ms. O'Neill is 46 to 57 months. On September 20, 2020, Judge Ambrose imposed a sentence of 64 months' imprisonment, which was in the middle of the then-applicable guideline range.[1] Because the arguments made by the government are essentially the same arguments available at the time Judge Ambrose imposed her sentence, the Court intends to impose a total sentence of 52 months' imprisonment, which is approximately in the middle of the retroactive guideline range of 46 to 57 months. Thus, the original sentence of 64 months at Count 1 will be reduced to 52 months. The original concurrent sentence of 36 months imposed at Count 7 will remain the same.

      Accordingly, by separate Order, Defendant's Motion will be granted, and a judgment will be entered.

February 1, 2024                                                      s/*Marilyn J. Horan*
                                                                                     Marilyn J. Horan
                                                                                     United States District Judge

---

[1] The sentence imposed by Judge Ambrose consisted of imprisonment of 64 months at count 1 and imprisonment of 36 months imprisonment at count 7, to be served concurrently.